No. 28,041.

THE STATE OF KANSAS, *Appellee*, v. FLOYD SNYDER, *Appellant*.

(272 Pac. 169.)

Opinion denying a rehearing filed December 8, 1928. (For original opinion of affirmance see 126 Kan. 582, 270 Pac. 590.)

*John W. Davis*, of Greensburg, for the appellant.

*William A. Smith*, attorney-general, *Roland Boynton*, assistant attorney-general, and *Russell L. Hazzard*, county attorney, for the appellee; *O. G. Underwood*, of Greensburg, of counsel.

The opinion of the court was delivered by

HOPKINS, J.: A motion for rehearing has been filed in which it is contended that error was committed in permitting the state's attorney, in his argument to the jury, to read certain parts of the transcript of evidence on the preliminary examination when the transcript was not in evidence. There appears to be some confusion as to whether the transcript actually was introduced. The court and counsel for the state apparently understood it was in evidence and a careful examination of the record convinces us that the transcript was actually received, but was not read to the jury. A portion of the record reads:

"MR. DAVIS: We offer in evidence the cross-examination of Violet McVey taken in the case of the *State of Kansas v. Floyd F. Snyder*, taken at Greensburg, Kansas, January 20, 1926, before A. N. Reed, justice of the peace in Kiowa county, and we desire to read such pertinent parts of this cross-examination as Violet McVey denied giving when she was on the witness stand in this trial.

"MR. UNDERWOOD: We object to part of this transcript being offered. If they want to offer the entire transcript we have no objection.

"MR. DAVIS: We will offer the entire transcript.

"THE COURT: It will be admitted."

While a considerable colloquy occurred between court and counsel for both sides concerning what might be read from the transcript to the jury, we are unable to say the transcript was not in evidence.

It is again strongly argued that the court erred in the rejection of other competent testimony. It is a well-recognized rule that in order for error to be predicated on the rejection of evidence that it

be offered on the motion for a new trial. It appears that this rule was not complied with in the instant case. What actually happened was that counsel for the defendant orally offered to show to what absent witnesses would testify. For instance, the record shows:

(MR. DAVIS, reading from transcript:)

"Q. On the subject of his doing carpenter work for Campbell & Son, of Mullinville, down on the Rio Grande country of Texas, did you have any talk with defendant that night, Sunday night, August 23d, when he was at your house as you have testified? A. I did.

"Q. Give that conversation."

(MR. UNDERWOOD): "To which we object as incompetent, irrelevant and immaterial; self-serving declaration; not tending to prove any issue in this case.

"THE COURT: Sustained."

(MR. DAVIS): "We wish to show that if Mrs. Snyder had been permitted to answer that question she would have given the conversation with the defendant; that she would have told the jury that the defendant told her that he had made an arrangement with Mr. Campbell to go down to Welasco, Texas, and work for him down there and that he was going right away. We also wish to show that Mrs. Snyder would have testified that the conversation she had with the defendant was that he told her he had made arrangements to go down to southern Texas just as soon or before the schoolhouse at Mullinville was finished and that Campbells were going to leave just as soon as the schoolhouse was finished and that Floyd Snyder was going ahead of Campbell & Son and meet them down there."

(MR. UNDERWOOD): "I will admit that if the witness was called here as a witness and questioned she would have given that answer."

This was not a compliance with the rule. In *State v. Ball*, 110 Kan. 428, 204 Pac. 701, it was said in the opinion:

"Be that as it may, the rejection of this tender of evidence cannot be the basis of error. What the witness would have testified to was never disclosed. It was not produced in evidential form as an affidavit, deposition, nor upon oral examination when the motion for a new trial was presented. The want of this is not supplied by an oral address of counsel to the trial judge, saying: 'Your honor, we want to show this, that, or the other thing by this witness.' The statement of counsel as to what he can prove if permitted to do so will not suffice for the evidence itself. All the rejected proffers of evidence complained of in this appeal are subject to this infirmity. In *Elliott v. Oil Co.*, 106 Kan. 248, 251, 187 Pac. 692, it was said: 'The evidence was excluded—erroneously, no doubt, but yet excluded. What was the proper course to pursue? It was to produce such proof orally or by affidavits in support of his motion for a new trial.'" (p. 432.)

Complaint is again urged of certain language used by the court in one of its instructions. The language singled out by defendant, if standing alone, would undoubtedly be objectionable, but considered

as part of the particular instruction, which was only a part of the general charge to the jury, we cannot say that it was unfair or prejudiced the defendant's rights.

The motion for a rehearing is denied.